Keating, J.
Himoff Industries Gorp. sues for an accounting
for profits and for the return of moneys invested in a joint venture relating to the purchase and subsequent resale of machinery and equipment of the Cramp Shipyard in Philadelphia.
Dudley Himoff, the managing agent of the plaintiff, and the-defendant, Simon Srybnik, doing business as S & S Machinery Company, have both engaged in the business of dealing in machinery and equipment and the liquidation of industrial plants. Over a period of years they have participated in a number of joint ventures in connection therewith.
On or about June 15, 1963, Srybnik told Himoff that he would buy the assets of the Cramp Shipyard for the purpose of *276 liquidating such assets and suggested that they enter into a joint venture toward this end, sharing equally.
On that date Himoff accepted the offer, subject to his examining inventory lists of the Cramp Shipyard. Following such examination, he accepted Srybnik’s offer.
On July 1, 1963, Himoff, on behalf of both parties, submitted a written offer of $450,000 to the broker handling the sale of the property for the owner. This offer was rejected.
Shortly thereafter, the parties learned that David Weisz Company had arranged to purchase the property for $360,000.
After some additional effort to have their bid accepted, the parties, at the suggestion of Srybnik, decided that it would be more advantageous to withdraw their bid and participate equally with David Weisz Company in its $360,000 purchase offer. Himoff then notified the owners of the Cramp Shipyard that his bid was being withdrawn.
On or about August 1, 1963, David Weisz Company entered into a contract for the purchase of the property for the sum of $360,000. Subsequently in August, 1963, Srybnik advised Himoff that he was able to obtain a participation of only 20% in the David Weisz venture and, therefore, Himoff’s interest would be only 10%, for which he was to pay $36,000.
Thereafter a series of letters were exchanged between the parties and Himoff forwarded a check for $36,000 to the defendant.[1]
Following the purchase by David Weisz Company of the Cramp Shipyard and the liquidation of its assets, Himoff learned that Srybnik had in fact obtained an interest, not in 20% of the deal, but in 35% of it and he, as equal co-venturer, was entitled to 17%% of the profit made on the transaction and not 10%.
This action was commenced to recover the plaintiff’s original $36,000 investment as well as one half of the profit realized — both directly and indirectly—as a result of the venture.[2]
*277 The Supreme Court at Special Term found that the parties had entered into a joint venture to share equally in all profits arising therefrom; that the net profit which was received by the third-party (Weisz) was $240,000 of which 35% or $84,000 inured to the joint venture and was made available to Srybnik; that Srybnik failed to distribute to the plaintiff its share of this profit, amounting to $42,000, or to return the original investment of $36,000.
The Judge at Special Term found, in addition, that Srybnik used the above-mentioned funds as credit toward the purchase of some of the machinery of the Cramp Shipyard which was auctioned off. Therefore, he held that the plaintiff was entitled to 50% of the profits made as a result of this use of the funds of the venture. An accounting was directed to determine the precise amount.
The Trial Judge also rejected Srybnik’s cross claim for rescission on the ground of fraud.
The Appellate Division affirmed all of the findings'of Special Term except those which related to the use of funds of the joint venture for the purchase of the equipment. On this question it reversed both on the facts and the law. The Appellate Division found that no joint venture as to purchase of the equipment was alleged; that it was not established that Srybnik had used the funds of the joint venture as credit for the purchase and that Srybnik was entitled to make the purchase and did so on his own account.
The order of Special Term was modified to reflect the finding of the Appellate Division on this latter point. The remainder of the order of Special Term was affirmed.
It is from the reversal of that portion of the judgment of Special Term that plaintiff appeals; it is from affirmance of the remainder of the trial court’s decision by the Appellate Division that the defendant cross-appeals.
We believe that the order of Special Term was correct in its entirety and that the Appellate Division erred in striking those portions of the order which held that the plaintiff was entitled to an accounting on the profit reaped by the defendant as a result of his wrongful appropriation of the funds of the joint venture.
*278 Since the record clearly supports the finding of Special Term that a joint venture was entered into by the parties in which both were to share equally, that the agreement was never terminated or varied by a subsequent agreement and that it was not rendered voidable by the alleged fraud of the plaintiff, we will concern ourselves with the question upon which Special Term and the Appellate Division disagreed.
This question relates to the finding of Special Term that the defendant used the credit of the joint venture to purchase machinery—machinery which has since increased in value. As a result of this use of the credit of the joint venture Special Term ordered the defendant to account for 50% of the profits received.
The Appellate Division held that “ The plaintiff does not allege and the evidence does not establish the existence of a joint venture with regard to the purchases by defendant of * * # articles purchased by him at the auction conducted by Weisz of the Cramp Shipyard assets that “it was not established that the funds and credit of the particular joint venture, which was alleged and proved, were used by defendant to purchase the equipment at said auction ’ and that ‘ ‘ The defendant had the right to and did purchase the same for his sole account, and he is not accountable for any profits which may be realized ”.
The Appellate Division is quite right in its conclusion that the plaintiff did not allege the existence of a joint venture with regard to the purchases by the defendant at the auction and the evidence supports its finding that no Joint venture was, entered into. On the other hand, there is evidence to support the finding of Special Term that the defendant did use the credit of the joint venture in purchasing the articles in question. The key testimony in this regard was that of the eastern representative of David Weisz Company who testified that the purchases made by the defendant were on credit and were set off against the defendant’s participation in the deal.[3] Although he also testified that, on prior occasions, credit had been extended to the defendant even though no. funds had been pledged as credit, he stated that.credit given in this case was *279 not the ordinary credit usually given but was an offset against his participation in the purchase of the Cramp Shipyard. When asked if Weisz had ever received a check for the machinery purchased he testified that Weisz was holding on to the funds of the venture. Furthermore, the defendant admitted that no money had ever been paid for the machines.[4]
This testimony clearly supports the finding of Special Term that the defendant, instead of returning to the plaintiff his original investment as well as the profit realized thereon, wrongfully “used the funds and credit of the joint venture to purchase machinery and equipment For the profits realized from this use he must account. (Meinhard v. Salmon, 249 N. Y. 458.)
The failure to properly plead the cause of action does not preclude the granting of relief since the record clearly indicates that the defendant was apprised, at the outset of the trial, that such relief would he requested. Indeed, at the close of the case, the defendant’s counsel admitted that he had received a copy of a brief submitted to the Trial Judge before trial in which the plaintiff claimed that[1] ‘ he was entitled to participate in the machines purchased by Mr. Srybnik because Mr. Srybnik used his money in buying the equipment.” The defendant thus had adequate notice and an opportunity to defend. Under these circumstances, a motion to conform the pleadings to the proof would have been properly granted. We see no reason, in this case tried by the court without a jury, to allow this technical defect to defeat the relief to which this plaintiff was entitled.
The order of the Appellate Division, insofar as it modified the judgment, should be reversed and the judgment of Special Term reinstated, with costs in this court and the Appellate Division.
*280 Chief- Judge Fuld and Judges Yak Yoorhis and Burke concur with Judge Keatikg; Judges Scileppi and Bergak dissent and vote to affirm upon the memorandum at the Appellate Division; Judge Breitel talcing no part.
Order of Appellate Division, insofar as it modifies judgment of Special Term, reversed and that judgment reinstated, with costs to plaintiff in this court and in the Appellate Division.

. Himoff participated in the deal through a wholly owned corporation Himoff Industries Corp.

. A third cause of action not in issue on this appeal was ultimately dismissed.

. The defendant handled the venture with Weisz through his own company S & S Machinery.

. A stipulation entered into by the parties at the trial limb the machines were purchased on the credit of S & S Machinery is inconclusive since, as noted earlier, the entire venture was handled through S & S Machinery. Indeed, the defendant apparently concedes that this stipulation constitutes some evidence that the funds of the joint venture were pledged as credit. In his brief he states: “Aside from the following stipulation, plaintiff failed to prove that the funds and credits of the joint venture were used by the defendant for the purchase of machinery ”.